```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 08-14108-CIV-GRAHAM
                                    MAGISTRATE JUDGE P. A. WHITE


PERRY VANDERFORD,                   :

        Plaintiff,                  :

v.                                  :      PRELIMINARY REPORT
                                           OF MAGISTRATE JUDGE
WALTER A. MCNEIL, ET AL.,           :

                                    :
        Defendants.
_____     :
```

## I. Introduction

This matter is before the Court upon the Amended Complaints [DE#'s 11, 17, 19] filed by Perry Vanderford, presently confined at the Martin Correctional Institution ("MCI"). Vanderford filed four separate civil actions: this case, 08-14123-CIV-GRAHAM and 08-14129-CIV-GRAHAM. These three cases have been consolidated into a single action, CASE NO. 08-14108-CIV-GRAHAM. A fourth case, 08-14130-CIV-MARTINEZ has been dismissed as duplicative. The Court ordered Vanderford to submit an Amended Complaint containing all of his claims against all defendants and clearly setting forth his claims for relief. Instead of filing just one amended complaint, Vanderford has filed several amended complaints which are now pending before the Court. [DE#'s 11, 17 and 19]. A fourth attempt to amend has been denied. [DE# 14]. The plaintiff is proceeding in forma pauperis. [DE# 21].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>Sec. 1915 Proceedings in Forma Pauperis
>
>\* \* \*
>
>(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>\* \* \*
>
>(B) the action or appeal –
>
>\* \* \*
>
>(i)  is frivolous or malicious;
>
>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are

2

"indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a

3

cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).[1]

---

[1] Despite recent Supreme Court decisions apparently to the contrary, the Eleventh Circuit still applies a "heightened pleading" standard to complaints alleging §1983 claims against entities who may raise qualified immunity as a defense such as government officials sued in their individual capacities.  The Eleventh Circuit recently acknowledged that "[t]he use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity . . . ." Weissman v. National Association of Securities Dealers, Inc., 500 F.3d 1293, 1309 n.6 (11 Cir. 2007)(Tjoflat, J., dissenting opinion, criticizing the majority opinion for utilizing a liberal pleading standard).  In Jones v. Bock, 127 S.Ct. 910 (2007), the Supreme Court invalidated a rule "requir[ing] a prisoner to allege and demonstrate exhaustion in his complaint," one of "several procedural rules" that the Sixth Circuit and other courts had superimposed upon the general pleading requirements set forth in the Federal Rules of Civil Procedure. Significantly, the Supreme Court stated that "courts should not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns."  The Court explained that heightened pleading requirements can only be established through the legislative process, and noted that the Court had previously rejected the use of a heightened standard in §1983 suits against municipalities (such as Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993)), a similar standard used in employment discrimination suits (Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)) and in a death penalty case (Hill v. McDonough, 126 S.Ct. 2096 (2006)(unanimously rejecting a proposal that §1983 suits challenging a method of execution must identify an acceptable alternative: "Imposition of heightened pleading requirements, however, is quite a different matter.  Specific pleading requirements are mandated by the Federal Rules of Civil Procedure, and not, as a general rule, through case-by-case determinations of the federal courts.")).  In Bell Atlantic Corp. v. Twombly, supra, the Supreme Court held that a heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements).  In Erickson v.

The Amended Complaints are inartfully drafted and contain confusing and at times unclear allegations against the named defendants. The Amended Complaints [DE#'s 11, 17 and 19] will be considered together as the Operative Complaint in this civil action. The pleadings, liberally construed, raise claims that officials at MCI violated his Fourteenth Amendment rights to due process and equal protection and his Eighth Amendment right to be free from cruel and unusual punishment by falsely imprisoning him

---

Pardus, supra, the Supreme Court vacated the Tenth Circuit's dismissal of a §1983 case at the motion to dismiss stage based on a failure in the pleadings, emphasizing that Rule 8(a)(2) requires only a short and plain statement, and accentuating that a departure from the liberal pleading standards set forth in Rule 8(a)(2) is particularly troublesome when the plaintiff is pro se, as pro se pleadings are to be liberally construed. Interestingly, the Eleventh Circuit has never cited the Erickson case.

The Jones v. Bock, Twombly and Erickson Courts have once again reiterated, as the Supreme Court unanimously held in Leatherman, Swierkiewicz, and Hill, that adopting a different and more onerous pleading standard in particular types of cases should be done through established rulemaking procedures, and not on a case-by-case basis by the courts. The District of Columbia Circuit has recently noted that the Supreme Court "has continually pruned back [heightened pleading] requirements, with the admonition that we are not to impose heightened pleading requirements." Aktieselskabet AF 21. November 2001 v. Fame Jeans, Inc., ___ F.3d. ___ (D.C. Cir. April 29, 2008). Some district courts in the Eleventh Circuit continue to apply a "heightened pleading" standard, justifying its use on the flawed premise that the Supreme Court specifically ruled that district courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. §1983 against municipal entities but declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. See, e.g. Gene Martin Auto Sales, Inc. v. Davis, 2008 WL 1990003(M.D.Ala. 2008). The "flaw" in this logic is the fact that the Supreme Court has not indicated that qualified immunity might warrant an exception to the general approach, the explicit disclaimer of a heightened pleading standard in Twombly, and Erickson's reversal of the Tenth Circuit's use of a heightened pleading standard in case against individual state actors who might be entitled to qualified immunity.

in disciplinary confinement and by not providing proper medical care while he was in disciplinary confinement, and violated his First Amendment rights by placing him in disciplinary confinement in retaliation for filing federal lawsuits. He also contends that Florida DOC Secretary McNeil violated his rights by failing to resolve his administrative complaints. The plaintiff's specific factual and legal allegations are as follows.

Amended Complaint [DE# 11]

In this Amended Complaint, the plaintiff names as defendants Florida DOC Secretary Walter A. McNeil; DOC Secretary's Representative C. Neel; DOC Secretary's Representative Mary Solano; MCI Assistant Warden D. Inman; and MCI Nurse J. Connors. This Amended Complaint raises general allegations of denial of proper medical care while the plaintiff was in disciplinary confinement from November 15, 2007 through January 22, 2008 and a general claim that unspecified officials placed him in disciplinary confinement on April 4, 2008 in retaliation for filing federal lawsuits. The plaintiff does not make specific claims against each of the named defendants, and references "10 cited named defendants." It is not clear to whom the plaintiff refers, as this Amended Complaint names only five individuals as defendants.

Amended Complaint [DE# 19]

In this Amended Complaint dated May 16, 2008, the plaintiff names as defendants MCI Nurse V. Wright, L.P.N.; McNeil; D. Davis, M.D. (MCI); Connors; MCI Nurse L. Carlock, R.N.; and R. Sanchez,

M.D. (MCI).  He alleges that he was in disciplinary confinement from November 15, 2007 through January 22, 2008, and he received no medical care for swelling in his groin and flu-like symptoms.  He claims that on December 19, 2007 Assistant Warden of Programs A. Davis and F. Carvallo approved his formal grievance and ordered that the plaintiff be seen on that date for his medical concerns. On December 24, 2007 the plaintiff sent two emergency requests to McNeil in an attempt to get medical care.  McNeil "denied oversight of Plaintiff medical treatment in disciplinary confinement Defendant Nurse V. Wright is involved with."  The plaintiff further alleges that Wright denied him sick call medical treatment during her daily rounds in disciplinary confinement and she did not process his requests for sick call.  He contends that Wright "caused serious pain and injury" by denying him sick call and, liberally construed, she was aware that he had swelling in his groin and flu-like symptoms.  The plaintiff states that in February 17, 2008 he saw Nurse Connors at the medical clinic, and she retaliated against him and took away his special diet pass which had been issued by Dr. Davis and she also refused to allow the plaintiff to see Dr. Davis or Dr. Sanchez.  Additionally, the plaintiff claims that Connors threatened "consequences" if the plaintiff did not sign a refusal for diagnostic testing, and he states that Dr. Davis had been forced to resign from MCI due to medical malpractice.  Exhibit A, a response to a grievance, indicates that the plaintiff was assessed on January 30, 2008 for groin pain and sinus congestion and was prescribed Chlortrimeton, and a physician determined that diagnostic testing was needed.  It says the plaintiff signed a refusal on February 13, 2008.

The plaintiff further alleges that on April 4, 2008 he was sent to disciplinary confinement, apparently after he reported to medical (he says such action was retaliatory but it is unclear as

to what he is alleging) and he also may be challenging the constitutionality of the disciplinary confinement. He also claims that Secretary McNeil and D. Beavis (described as a defendant) "breach its security."

Amended Complaint [DE# 17]

In this Amended Complaint dated May 19, 2008 the plaintiff names as defendants McNeil; D. Beavis, Supervisor of Inmate Medical Records at MCI; P. Skipper, MCI Warden; Dixon, MCI Assistant Warden; and D. Inman, MCI Assistant Warden.

The plaintiff alleges that on April 4, 2008 Beavis and other security officers retaliated against him for pursuing federal litigation by placing him in disciplinary confinement. He also alleges that Skipper, Dixon, Inman "fail[ed] in its responsibility of security supervisory administrative authority." He further claims that Carlock denied a grievance requesting medical care.

Denial of Medical Care

The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to provide prisoners with "humane conditions of confinement," including adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832-34 (1994). The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Farrow v. West, 320 F.3d 1235, 1242 (11 Cir. 2003). It is a prison official's deliberate indifference to an inmate's serious medical need that constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S.

8

97, 104 (1976). To show that a prison official acted with deliberate indifference to his serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow, 320 F.3d at 1243 (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000)). First, the plaintiff must present evidence of an objectively serious medical need which is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Id. In either situation, the medical need must be one that, if left unattended, poses a substantial risk of serious harm. Id. Second, the plaintiff must prove that the prison official acted with an attitude of deliberate indifference to that serious medical need. Id. Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott v. Foley, 182 F.3d 1248, 1255 (11 Cir. 1999).

Deliberate indifference can be established by evidence that necessary medical treatment has been withheld or delayed for nonmedical or unexplained reasons. Farrow, 320 F.3d at 1247 (finding jury question on issue of deliberate indifference because of unexplained fifteen-month delay in treatment). The tolerable length of delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994). A plaintiff may also establish deliberate indifference with evidence of treatment "so cursory as to amount to no treatment at all." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985).

Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth

Amendment. Mere inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference and cannot be said to constitute an unnecessary and wanton infliction of pain. McElligott, 182 F.3d at 1254. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106.

1. Serious Medical Need

For the purpose of this analysis, the Court will assume that the plaintiff's symptoms (swelling in the groin area and flu-like symptoms) constituted a serious medical need.

2. Deliberate Indifference

After a thorough and liberal analysis of all of the complaints, amended complaints and exhibits on record in this civil action, the Undersigned concludes that the plaintiff has minimally stated a claim that Nurses Wright and Connors may have acted with deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. The record does not sufficient facts to state an Eighth Amendment claim against any other named defendant. The plaintiff alleges specifically that Wright denied him sick call medical treatment during her daily rounds in disciplinary confinement and did not process his requests for sick call despite her knowledge that he had swelling in his groin and flu-like symptoms. He also alleges that Connors took away his special diet pass which had been issued by Dr. Davis, she refused to allow the plaintiff to see Dr. Davis or Dr. Sanchez, and she coerced him into signing a treatment refusal form. Although exhibits indicate that the plaintiff was assessed on January 30, 2008 for groin pain and sinus congestion and was prescribed

10

Chlortrimeton, and a physician determined that diagnostic testing was needed, the fact that he alleges he was coerced into refusing treatment suffices to state a claim at this time.  The allegations sufficiently raise an inference that Wright and Connor may have been deliberately indifferent to the plaintiff's serious need for treatment.  In sum, the Undersigned finds that the Complaint meets the Twombly and any "heightened pleading" standard with regard to the allegations against Wright and Connor in their individual capacities, and a determination of whether the defendants might be entitled to qualified immunity cannot be determined at this juncture or upon consideration of a motion to dismiss.

The plaintiff has named Dr. Davis and Dr. Sanchez as defendants but raises no claims of wrongdoing against either of these physicians.

## Retaliation Claims

The plaintiff alleges that Beavis and other placed him in disciplinary confinement in retaliation for filing federal lawsuits and Connors retaliated against him by removing his special diet pass.

Retaliation by prison officials against an inmate for filing lawsuits is cognizable in a civil rights suit for damages. Wildberger v. Bracknell, 869 F.2d 1467 (11 Cir. 1989).  Under certain circumstances, such retaliation may violate the inmate's First Amendment rights.  Wright v. Newsome, 795 F.2d 964, 968 (11 Cir. 1986).

In the "free world" context, an act taken in retaliation for exercise of a constitutionally protected right is actionable under

11

§1983 even if the act, when taken for different reasons, would have been proper. Adams v. James, 797 F.Supp. 940, 948 (M.D. Fla. 1992) (citing Mount Healthy City School Dist. Bd. of Education v. Doyle, 429 U.S. 274, 283 (1977)). A claim of retaliation is a question of causation, and the test applied in the "free world" context is a "but for" analysis. Adams, supra, 797 F.Supp. at 948 ("but for" the retaliatory motive, the incidents to which the plaintiff refers would not have taken place).

Certain means of "retaliation" may be so de minimis as not to inhibit or punish an inmate's rights of free speech. Many verbal responses by officials of resentment or even ridicule would fall into this safe harbor of permitted response. Borrowing from Johnson v. Glick, 481 F.2d 1028, 1033 (2 Cir.), cert. denied sub nom. Employee-Officer John, # 1765 Badge Number v. Johnson, 414 U.S. 1033 (1977), Graham v. Connor, 490 U.S. 386, 396 (1989), notes that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers" violates the Fourth Amendment. Similarly, not every unnecessary statement of a prison guard regarding an inmate's exercise of free speech violates the First Amendment. By developing a standard of de minimis actions, courts can screen out frivolous or non-meritorious claims of retaliation during the in forma pauperis complaint review under 28 U.S.C. § 1915. In other words, the plaintiff must demonstrate that he suffered more than a de minimis inconvenience. American Civil Liberties Union of Maryland v. Wicomico County, 999 F.2d 780, 786 (4 Cir. 1993); see also Bart v. Telford, 677 F.2d 622, 625 (7 Cir. 1982)("It would trivialize the First Amendment to hold that harassment for exercising the right of free speech [is] always actionable. . . .").

Here, the plaintiff has failed to raise any facts to show that there was a causal link between his alleged First Amendment activity and his disciplinary detention or denial of medical care. The plaintiff may have the opportunity to amend his complaint to explain how each individual who allegedly retaliated against him had knowledge of his protected activity, explain how there is a causal link to the knowledge and the alleged retaliation, explain why he was given disciplinary reports and the outcome of any disciplinary hearings. As the pleadings are drafted, the plaintiff has failed to meet the appropriate standard to state any constitutional claims for relief. It is thus recommended that the claims alleging unconstitutional retaliation be dismissed without prejudice.

### Supervisory Defendants

The plaintiff seeks to hold Skipper, Inman and Dixon responsible for the actions of their subordinates specifically pursuant to the theory of respondeat superior. This he cannot do. Public officials in supervisory positions cannot simply be held vicariously liable for the acts of their subordinates. Robertson v. Sichel, 127 U.S. 507 (1888); Byrd v. Clark, 783 F.2d 1002, 1008 (11 Cir. 1986). Nor can liability be predicated solely upon the doctrine of respondeat superior in a §1983 action. Monell v. Department of Social Services, 436 U.S. 658 (1978); Vineyard v. County of Murray, Georgia, 990 F.2d 1207 (11 Cir. 1993).

It is therefore recommended that the claims against Skipper, Inman and Dixon be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

### Claims Based on Denial of Grievance and Appeal

The plaintiff alleges that the FDOC officials (McNeil, Neel and Solano) failed to rule favorably on his requests for medical care and Carlock denied a grievance seeking medical care.

The Constitution does not entitle prisoners and pretrial detainees in state or federal facilities to grievance procedures, Adams v. Rice, 40 F.3d 72, 75 (4 Cir. 1994), cert. denied 514 U.S. 1022 (1995); Buckley v. Barlow, 997 F.2d 494, 495 (8 Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8 Cir. 1991); Stewart v. Block, 938 F.Supp. 582, 588 (C.D. Cal. 1996); Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); and since even if a grievance mechanism has been created for the use of states inmates the mechanism involves a procedural right, not a substantive one, and it does not give rise to a liberty interest protected by the Due Process Clause, Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7 Cir. 1996); Hoover v. Watson, 886 F.Supp. 410, 418 (D. Del. 1995); Brown v. Dodson, supra at 285; and thus, if the state elects to provide a grievance mechanism, violations of its procedures, or even a failure to respond to the prison grievance, do not give rise to a §1983 claim, Buckley v. Barlow, supra, 997 F.2d at 495; Hoover v. Watson, supra, 886 F.Supp. at 418-19. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. Flick v. Alba, supra, 932 F.2d at 729.

It is therefore recommended that the claims concerning denial of grievances and appeals against Carlock, McNeil, Neel and Solano be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

III.   Conclusion

Based on the foregoing, it is recommended that:

1. The Eighth Amendment claim of denial of proper medical care proceed against the defendants Connors and Wright in their individual capacity.

2. All claims alleging unconstitutional retaliation be dismissed without prejudice.

3. All other claims and defendants, including any claims not specifically addressed herein, be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 27th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Perry Vanderford, Pro Se
      DC# 094673
      Martin Correctional Institution
      1150 S.W. Allapattah Road
      Indiantown, FL 34956-4397